

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

Writer's Direct Dial: (212) 416-6236

November 7, 2024

**BY ECF**
Hon. Judge Margaret M. Garnett
Southern District of New York
United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

      Re:    <u>Principle Homecare, LLC, et al. v. McDonald,</u>
              24-CV-7071 (MMG)

Dear Judge Garnett:

      This office represents defendant James V. McDonald, in his official capacity as Commissioner of the New York State Department of Health ("Commissioner McDonald" or "Defendant"), in this action. The Court scheduled an initial pre-trial conference for November 19, 2024, with a proposed Civil Case Management Plan due November 12, 2024. ECF No. 8. On November 1, 2024, Commissioner McDonald moved to dismiss the Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"). ECF Nos. 17-19. I write pursuant to Federal Rule 26(c) and Rules I(B)(5) and II(A)(5) of Your Honor's Individual Rules and Practices to request that (1) discovery be stayed pending resolution of Commissioner McDonald's motion to dismiss, and (2) the initial pre-trial conference be adjourned and the deadline to file a proposed Civil Case Management Plan be extended until after the motion has been decided as well.

      Counsel for Defendant and Plaintiffs conferred by phone on November 7, 2024.[1] Plaintiffs do not consent to Defendant's motion to adjourn the conference because Plaintiffs believe discovery should proceed while Defendant's motion to dismiss is pending.

      Although stays pending decisions on dispositive motions are not automatic, "'a district court has considerable discretion to stay discovery pursuant to Rule 26(c)'" upon a showing of "good cause." *Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018));

---

[1] The meet and confer session was held on November 7, 2024, at 5:25 p.m., and included Assistant Attorney General Erin McAlister for Defendant and Akiva Shapiro, Esq. for Plaintiffs. Although the call only lasted a minute, it was already clear from conferring over email that the parties were at an impasse since Defendant seeks a stay of all discovery. The conferral over email included Assistant Attorneys General Jessica Preis and Erin McAlister for Defendant and Mr. Shapiro for Plaintiffs, and included multiple emails between November 6, 2024 at 12:38 p.m. and November 7, 2024 at 5:23 p.m. Defendant's counsel informed Plaintiffs' counsel that Defendant believed the parties to be at an impasse and that Defendant would be requesting relief from the Court.

*see also Int'l Brotherhood of Teamsters Local 456 v. Quest Diagnostics*, 10-cv-1692, 2011 WL 13377389, at *3 (E.D.N.Y. Oct. 4, 2011) ("Courts have discretion to stay discovery while a dispositive motion is pending."). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider "'(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's, Inc.*, No. 10 CIV 5304 BSJ HBP, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)). With regard to the third factor, "courts in this district have held 'that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quotation marks omitted). All of these factors weigh in favor of granting the requested stay.

First, Defendant has made a strong showing the Plaintiffs' claims are unmeritorious. Plaintiffs are four fiscal intermediaries ("FIs") that provide administrative functions in connection with New York's Consumer Directed Personal Assistance Program ("CDPAP"), which is a service available through the New York State Medicaid Program ("Medicaid"). The Complaint challenges an amendment to the law governing CDPAP (the "CDPAP Amendment"), which will transition CDPAP from utilizing hundreds of FIs to a single statewide FI contractor and its subcontractors, as unconstitutional. ECF No. 1 (challenging Part HH of Chapter 57 of the New York Session Laws of 2024). As detailed in Defendant's Memorandum of Law in Support of His Motion to Dismiss, Plaintiffs fail to plausibly allege that the CDPAP Amendment violates the Contracts Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, or the Substantive Due Process Clause. ECF No. 18. Notably, Plaintiffs' claims are premised on allegations that Plaintiffs had a reasonable expectation or property interest in continued participation in Medicaid, and continued renewal of contracts for FI services under Medicaid. However, the Second Circuit has consistently held, for multiple decades, that a plaintiff can have no such legitimate expectation or property right. *See, e.g.*, *Concerned Home Care Providers, Inc. v. Cuomo*, 783 F.3d 77, 91-92 (2d Cir. 2015); *Tekkno Lab'ys, Inc. v. Perales*, 933 F.2d 1093, 1098 (2d Cir. 1991); *Grossman v. Axelrod*, 646 F.2d 768, 771 (2d Cir. 1981). Plaintiffs' primary claim under the Contracts Clause also fails because the contracts at issue expressly state that they terminate if Plaintiffs are barred from participating in a government healthcare program, *i.e.*, CDPAP. The CDPAP Amendment — which will prohibit Plaintiffs from operating as FIs in the program — therefore does not undermine Plaintiffs' contractual bargain — it is *part* of their bargain. *See* ECF No. 18 at 11-12. In addition, the CDPAP Amendment easily passes rational basis review, which applies to Plaintiffs' equal protection and substantive due process claims. *Id.* at 28-33. Indeed, all of Plaintiffs' claims fail, both facially and applied, under all applicable standards and case law. *See generally* ECF No. 18. As a result, Defendant expects that the Complaint will be dismissed in full.

Second, Plaintiffs "will suffer little prejudice as a result of a stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024). Plaintiffs challenge a statutory amendment, and all relevant information regarding that statutory amendment is publicly available. Indeed, the legislative history of the CDPAP Amendment, including the transcripts from the legislative sessions discussing the CDPAP Amendment, are publicly available. *See, e.g.*, ECF No.

1 ¶ 45 n.14 (Complaint citing to publicly available Chambers Transcript on Assembly Bill No. A08807C. 2024 Assemb., Reg. Sess. l 00 (N.Y. Apr. 19. 2024)).

On the other hand, Defendant will be prejudiced if the stay is not granted. Indeed, requiring Defendant to respond to discovery requests in a case where Plaintiffs' claims fail as a matter of law, would "create an unnecessary burden should Defendant's motion to dismiss be resolved in [his] favor." *Sharma*, 345 F.R.D. at 568; *see also Johnson*, 205 F.R.D. at 434 (granting motion to stay where "the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery").

Finally, the breadth of discovery is currently unknown, but it is immaterial, because Defendant would be prejudiced by having to respond to *any* discovery requests in a case where Plaintiffs' claims fail as a matter of law and all relevant information is publicly available. *See Sharma*, 345 F.R.D. at 568.

Accordingly, Defendant has established good cause. Defendant therefore respectfully requests that this Court stay discovery and adjourn the initial conference pending resolution of his motion to dismiss the Complaint.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

　/s/ Erin R. McAlister　
Erin R. McAlister
Assistant Attorney General

cc:    All Parties of Record (by ECF)

---

Application GRANTED IN PART.  It is hereby ORDERED that the November 19, 2024 Initial Pretrial Conference is ADJOURNED to **Tuesday, January 7, 2025 at 9:30 a.m.** in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, NY, NY 10007. The parties should be prepared to discuss the the proposed stay of discovery in light of the then-fully briefed motion to dismiss.  The parties are advised that they are not required to submit a proposed case management plan or joint letter in advance of this conference.

The Clerk of Court is respectfully directed to terminate Dkt. No. 20.

SO ORDERED.  Dated November 12, 2024

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE