

**Office of the New York State Attorney General**　　　　　　　　　　　　**Letitia James Attorney General**

Writer's Direct Dial: (212) 416-6236

November 14, 2024

**BY ECF**
Hon. Judge Margaret M. Garnett
Southern District of New York
United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

   Re: <u>Principle Homecare, LLC, et al. v. McDonald,
      24-CV-7071 (MMG)</u>

Dear Judge Garnett:

  This Office ("OAG") represents the Defendant in the above-captioned action. I write to request that four electronically filed document that are currently on the public docket, Document No. 19-2, Document No. 19-3, Document No. 19-4, and Document No. 19-5, be formally sealed. Plaintiffs join this request.

  These four documents are exhibits 2 through 5 of the Declaration of Jessica Preis, which were filed on November 1, 2024. They are contracts between Plaintiffs and certain Medicaid Managed Care Organizations (the "Contracts"). Plaintiffs' counsel has informed the OAG that the Contracts include proprietary information of Plaintiffs that was not redacted. Pursuant to Rule I.D.1 of Your Honor's Individual Rules and Practices, proprietary information may be redacted from public filings. On November 7, 2024, the OAG contacted the ECF Help Desk to request that a temporary seal be placed on Document No. 19-2, Document No. 19-3, Document No. 19-4, and Document No. 19-5.

  Once Document No. 19-2, Document No. 19-3, Document No. 19-4, and Document No. 19-5 are formally sealed, the Contracts will be re-filed with Plaintiffs' proprietary information redacted.

---

Application GRANTED. Defendant requests that four documents be filed under seal because they are contracts that include proprietary information. Although "[t]he common law right of public access to judicial documents is firmly rooted in out nation's history," that right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal references omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The Court having considered Defendant's representations, it is hereby ORDERED that Defendant's motion to seal Dkt. Nos. 19-2, 19-3, 19-4, and 19-5 is GRANTED; the Defendant is directed to file redacted versions of the identified exhibits in which only the "proprietary or trade secret information" of the Plaintiffs is removed from public view. The Clerk of Court is respectfully directed to terminate Dkt. No. 23.

SO ORDERED. Dated November 14, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE