```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRINCIPLE HOMECARE, LLC, et al.,

                Plaintiffs,

-against-

JAMES V. MCDONALD, in His Official Capacity as Commissioner of the New York State Department of Health,

                Defendant.

---

24-CV-07071 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Before the Court is Plaintiffs' emergency letter motion seeking a stay of the Court's order dismissing this case (Dkt. No. 50), pending appeal of that order to the Second Circuit. Dkt. No. 52. Defendant opposes the request for a stay.

Under Rule 62(d) of the Federal Rules of Civil Procedure, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Courts consider four factors in determining whether to grant a stay or injunction pending appeal: "(1) whether the movant will suffer irreparable injury absent the injunction, (2) whether a party will suffer substantial injury if the injunction is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *1199SEIU United Healthcare Workers East v. PSC Cmty. Servs.*, 597 F. Supp. 3d 557, 570 (S.D.N.Y. 2022); *see Delux Pub. Charter, LLC v. Cnty. of Westchester*, No. 22-CV-01930 (PMH), 2024 WL 3744167, at *1 (S.D.N.Y. July 25, 2024); *Marshak v. Reed*, 199 F.R.D. 110, 110 (E.D.N.Y. 2001). A balancing of these factors is required. "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *Loc. 1303-362 of Council 4 v. KGI Bridgeport Co.*, No. 12-CV-01785 (NG) (MLO), 2014 WL 555355, at *2 (D. Conn. Feb. 10, 2014). But irreparable harm and probability of success are "the two most critical factors." *Delux Pub. Charter, LLC*, 2024 WL 3744167, at *1; *Up State Tower Co., LLC v. Town of Kiantone, New York*, No. 16-CV-00069 (FPG), 2020 WL 1909981, at *2 (W.D.N.Y. Apr. 20, 2020).

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Frey v. Nigrelli*, No. 21-CV-05334 (NSR), 2023 WL 2929389, at *2 (S.D.N.Y. Apr. 13, 2023). "Granting injunctive relief is an extraordinary remedy" and the "burden to demonstrate all four factors is on Plaintiffs as the moving parties." *IMS Health Inc. v. Sorrell*, 631 F. Supp. 2d 429, 431 (D. Vt. 2009). The burden to show that an injunction is justified under the circumstances is a heavy one. *See id.* ("Their burden is high because they seek an extraordinary

1

remedy to prevent enforcement of a statute this Court has previously upheld and is presumed valid."); *see also Brown v. Gilmore*, 553 U.S. 1301, 1303 (2001) (refusing to issue an injunction pending certiorari where applicants sought injunction against enforcement of a "presumptively valid state statute").

The Court begins with the "success on the merits" factor, because under the circumstances of this case, where Plaintiffs' are seeking to halt a duly-enacted state statute, the strength and weight of the other factors is intertwined with the factor requiring a showing of a substantial possibility of success on appeal. *See Turley v. Giuliani*, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000) ("Because the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, plaintiff[s] must show a likelihood of success on the merits."). And for all of the reasons stated in the Court's order granting the motion to dismiss, the Court concludes that Plaintiffs have not demonstrated a substantial possibility of success on the merits on appeal.

Plaintiffs' claimed irreparable harm is thus undermined by the fact that the Court has held that Plaintiffs have failed to state a claim under any of the constitutional theories set forth in their Complaint. But even if the Court considered irreparable harm without reference to the substantive merits of the claims, a favorable finding on this factor would not be guaranteed. Plaintiffs assert that their businesses will have no choice but to close once they begin transferring their patients to the Statewide FI on March 1, 2025, and in any event by no later than April 1, 2025, because they have no current line of business other than serving as an authorized CDPAP FI. *See* Dkt. No. 33 ("PI Br.") at 23–24. While it is well-settled in this Circuit that the total loss of a business will almost always constitute irreparable harm, the argument is less persuasive here because the Plaintiffs' businesses operate in an entirely state-created market where the State is the only payor. Accordingly, unlike a business operating in a free and entirely private market, here Plaintiffs (and the courts) would have an array of options to direct the State to restore Plaintiffs to something approaching their current status, should Plaintiffs ultimately be successful on their claims. Plaintiffs' other ground for asserting irreparable harm is that an asserted deprivation of a constitutional right (here, under the Contracts Clause, Takings Clause, Equal Protection, and Due Process) is *per se* irreparable harm under Second Circuit precedent. *See* PI Br. at 22–23. It is far from clear that the cases cited by the Plaintiffs for this proposition go as far as a rule that *any* allegation of a constitutional deprivation amounts to *per se* irreparable harm, particularly under the facts of this case. *See, e.g.*, *Donohue v. Mangano*, 886 F. Supp. 2d 126, 150 (E.D.N.Y. 2012) (An allegation of a constitutional violation "is insufficient to automatically trigger a finding of irreparable harm.").

But even if the Court assumes for purposes of this emergency motion that Plaintiffs have established irreparable injury, the State has also established that it will suffer injury and the public interest of Medicaid patients enrolled in CDPAP will be harmed if the final implementation of the CDPAP Amendment is halted or enjoined at this late date when the transition from the prior system to the new Statewide FI is underway. *See* Dkt. No. 40 at 26.; *see also Save Our Consumer Directed Home Care, Inc. v. New York State Department of Health, et al.*, Index No. 907872/2024, NYSCEF Doc. No. 67 at 28 (Sup. Ct. Albany Cnty. Feb. 7, 2025) ("In light of the public interest in regulating the FI industry, reducing administrative costs, and using those savings to benefit Medicaid consumers, the Court finds that petitioner's claims of

financial injury do not establish the requisite irreparable harm that would warrant the issuance of a preliminary injunction in its favor.  Likewise, the Court finds that the balance of the equities weighs in favor of denying petitioner's application for a preliminary injunction . . . If the preliminary injunction were granted the State would be required to find $200 million dollars—the amount of savings to the CDPAP Program through the statutory amendments—to fund the CDPAP Program this year.  Thus, the Court concludes that the balancing of the equities weighs in respondents' favor.").

Taking all of the factors into account, the Court finds that Plaintiffs have not met their burden.  Accordingly, the motion for a stay pending appeal is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 52.

Plaintiffs are free, of course, to seek a stay from the Second Circuit under F.R.C.P. 62(g) or the Federal Rules of Appellate Procedure.

Dated: February 27, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3